**Walter FOSTER, Petitioner,**

v.

**R.C. MARSHALL, Supt., Respondent.**

**No. C–1–85–1441.**

United States District Court, S.D. Ohio, W.D.

Oct. 5, 1987.

Walter Foster, pro se.

Stuart A. Cole, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 14) and petitioner's Motion to Review (doc. no. 16).

■ Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility ("SOCF") brought this action for a Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254. Petitioner claims as his first ground for relief that he could not be held to have waived the defense of not guilty by reason of insanity without an extensive hearing by the trial court.

In support of these grounds, the petitioner proposes "that d[e]spite his uncontroverted, conceded competence to stand trial and complete lack of any courtroom behavior which would alert the court to his incapability of conducting a proper defense, that the trial court should have, sua sponte,

imposed upon the plaintiff a not guilty by reason of insanity plea." (doc.no. 1b, p.1).

The petitioner has not, even in his Motion to Review, however, cited one case to this Court which stands for the proposition that the trial court has an affirmative duty to impose upon a criminal defendant, a defense rejected by that defendant despite the fact that three separate defense attorneys had suggested to him the advantages of its use.

After a review of the transcripts, the Court finds that the trial court thoroughly investigated this issue. That court had before it recent psychological reports declaring the petitioner competent to stand trial and therefore competent to make rational decisions about his own defense. This decision to allow the petitioner to proceed to trial was made during the second competency hearing.

Upon questioning by the Court, petitioner asserted that he agreed with the contents of the competency report, he was able to counsel with his attorney, he understood the nature of the charges brought against him, and he knew the probable consequences that might befall him. Only then did the Court determine that, based upon the psychological report, to which both the prosecution and defense counsel stipulated, petitioner was competent to stand trial, was aware of the nature of the charges against him, and was capable of counseling with his attorney and assisting in his defense.

As represented to the Court by defense counsel, and obvious from the transcript in this case, the petitioner was vehemently opposed to raising the defense of not guilty by reason of insanity, although he indicated that he understood insanity was a possible defense and that counsel had indicated to him the ramifications of a successful insanity defense.

The decision as to whether to interpose an insanity defense resides in the trial judge's discretion. *United States v. Bradley*, 463 F.2d 808, 811 (D.C.Cir.1972), *citing Whalem v. United States*, 346 F.2d 812 (D.C.Cir.), *cert. denied*, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100 (1965). Such a

decision necessitates the utmost care in judgment, especially when taken against the wishes of the accused, and requires the consideration of many factors. Because the assessment of the grounds for interposing an insanity defense is dependent on the facts of the case, the credibility of the experts before the court, and the defendant's presentation of himself, the trial court's familiarity with the defendant's situation is central to a sound determination. *United States v. Wright*, 627 F.2d at 1307.

This Court finds no basis on which to disturb the trial court's determination that petitioner was competent to stand trial and to waive an insanity defense, deferring to the trial court's determination under 28 U.S.C. § 2254(d). The record amply supports that court's decision. It is incredible that petitioner would wish to propose that this Court demand the imposition of a plea upon a defendant based upon such facts as these. As petitioner correctly notes, defense counsel is available to advise a criminal defendant, but never will a court be authorized by the Constitution to impose an attorney's will on an unwilling, rational defendant.

█ As to petitioner's second ground for relief, that his conviction was obtained by the use of evidence gained pursuant to an unlawful search and seizure, a federal habeas court may not review contentions of state law that were not resolved in state proceedings due to petitioner's failure to raise them there as required by state procedures. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner is deemed to have waived such claims, absent a showing of cause and prejudice. *Id.* The cause and prejudice standard applies where petitioner has failed to present a claim to the state appellate courts. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Fornash v. Marshall*, 686 F.2d 1179 (6th Cir.), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983).

In this case, the petitioner appealed to the Ohio Supreme Court on the grounds asserted and addressed earlier in this order, but abandoned the second grounds revived here. This petitioner has alleged no cause for his failure to pursue this claim in the Ohio Supreme Court. Nor is cause apparent from the record. Accordingly, petitioner has waived his second ground for relief.

The Report and Recommendation is hereby ADOPTED and the Petition of Habeas Corpus is DISMISSED.

IT IS SO ORDERED.